UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE ALEXANDRE, | :<br>:<br>: |
| Plaintiff, | : Civ. No. 19-6286 (ES)(MAH)<br>:<br>: |
| v. | :<br>: |
| COSTCO WHOLESALE CORPORATION, JOHN CUSANELLI, John Does 1-5 and Jane Does 1-5 (factiously named managers(s) and employee (s)), ABC Maintenance Company 1-5, and ABC Companies 1-5, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| | : REPORT AND RECOMMENDATION<br>: |
| Defendants. | :<br>: |

**I.     INTRODUCTION**

This matter is presently before the Court on the motion of Plaintiff, Marie Alexandre, to remand the action to the Superior Court of New Jersey Law Division, Essex County and for an award of attorneys' fees. *See* Plaintiff's Motion to Remand, D.E. 5. The District Court referred this matter to the Undersigned to issue a Report and Recommendation. This Court has considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey Law Division, Essex County.

**II.    BACKGROUND**

Plaintiff, Marie Alexandre, is a New Jersey resident who resides in East Orange, New Jersey. Compl., D.E. 1, Exh. A, at 7. Defendant Costco Wholesale Corporation ("Costco") is a Washington corporation with its principal place of business in Issaquah, Washington. Pet. for

Removal, D.E. 1, at 2, ¶ 5.  Defendant John Cusanelli ("Cusanelli") is a New Jersey citizen and, on the date of the subject incident, was the General District Manager of Defendant Costco's store located at 1055 Hudson Street, Union, New Jersey.  Cusanelli Cert., Mar. 18, 2019, D.E. 6-1, at ¶ 1.[1]

Plaintiff commenced this action on January 15, 2019, in the Superior Court of New Jersey, Law Division, Essex County.  *See* Civil Case Information Statement, D.E. 1, at 18.  Plaintiff effectuated service on both Defendants Costco and Cusanelli on January 30, 2019.  *See* Affidavits of Service, D.E. 5-5, at 1-3.

Plaintiff alleges that on February 17, 2018, she—as a business invitee—fell on the floor of the public restroom of Defendant Costco's store due to the allegedly "dangerous and unsafe condition of the property."  Compl., D.E. 1, Exh. A, at ¶ 1.  Plaintiff alleges that Defendants Costco and Cusanelli "caused, created, knew of, or should have known of" the alleged dangerous and unsafe condition.  *Id.*  Plaintiff further alleges that both Defendants negligently "maintained, owned, operated, controlled, supervised, repaired and/or inspected" the premises, thereby allowing the dangerous condition to exist.  *Id.* at ¶ 3.  According to Plaintiff, Defendants' negligence caused her to fall and suffer serious and permanent injuries.  *Id.* at ¶ 5.[2]

---

[1] For ease of reference, Defendant Costco's store, located at 1055 Hudson Street, Union, New Jersey, shall be referred to as "Defendant Costco's store" throughout this Report and Recommendation.

[2] The parties spend considerable portions of their respective briefs debating what occurred after Plaintiff allegedly fell on the public restroom floor of Defendant Costco's store.  For example, "Plaintiff believes that emergency medical technicians interacted with Defendant Cusanelli or, at the very least, employees Defendant Cusanelli manages, though she must rely on the report of the Emergency Medical Technicians at the scene since she was in distress and rushed to the hospital."  Pl. Br. in Supp. of Mot. to Remand, D.E. 5-2, at 13-14.  Defendants, however, contend that Defendant Cusanelli has "no recollection of interacting with Plaintiff, Marie Alexandre, on the date of the incident."  Cusanelli Cert., Mar. 18, 2019, D.E. 6-1, at ¶ 5.

On February 20, 2019, Defendants removed this case from New Jersey Superior Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  *See* Notice of Removal, D.E. 1-1.  In the Petition for Removal, Defendants contend that Plaintiff fraudulently joined Defendant Cusanelli to defeat diversity jurisdiction.  Pet. for Removal, D.E.1, at 2, ¶ 6.  Therefore, Costco argues, the Court should disregard his citizenship in its analysis under § 1332(a).  *Id.*[3]

On March 8, 2019, Plaintiff moved to remand this matter to the Superior Court of New Jersey, Law Division, Essex County.  Pl. Mot. to Remand, D.E. 5.  Plaintiff's motion also includes a request for attorneys' fees pursuant to 28 U.S.C. § 1447(c).  On March 8, 2019, Defendants opposed Plaintiff's motion.  Defs. Opp. to Mot. to Remand, D.E. 6.  On March 25, 2019, Plaintiff replied to Defendants' opposition.  Pl. Reply to Opp., D.E. 7.  That same day, Defendants filed an unauthorized letter in response to Plaintiff's reply.  Letter, March 25, 2019, D.E. 8.  In the interests of resolving this motion, the Court has considered Defendants' unauthorized sur-reply.  However, Defense counsel is reminded that "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned."  L. Civ. R. 7.1(d)(6).

### III.  ANALYSIS

As an initial matter, the Court notes that a decision to remand is dispositive.  *In re U.S. Healthcare,* 159 F. 3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than

---

The Court need not resolve that factual dispute to decide Plaintiff's motion to remand.  It is included solely for purposes of completeness.

[3] Plaintiff claims that on the same day that the Defense removed the case to federal court, "Defense counsel wrote to Plaintiff's counsel offering to withdraw the removal petition if Plaintiff's counsel—not the Plaintiff herself—would sign an agreement that Plaintiff's damages were less than $75,000.00, . . . "  Pl. Br. in Supp. of Mot. to Remand, D.E. 5-2, at 2.  While Plaintiff's claim, and Defendants' opposition thereto, are entirely irrelevant to this Court's analysis of whether Plaintiff fraudulently joined Defendant Cusanelli, Plaintiff attempts to use that claim to support her request for attorneys' fees pursuant to 28 U.S.C. § 1447(c).  The Court addresses that claim in the corresponding section of this Report and Recommendation.

a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses Plaintiff's motion via Report and Recommendation.

### A. Diversity

The party seeking removal on the basis of diversity must demonstrate that the matter satisfies the requirements of removal under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. When jurisdiction is predicated on diversity of citizenship under § 1332, it "requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re: Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006). In most cases, if any plaintiff and any defendant share citizenship, complete diversity will be defeated. *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365 (1978); *Grand Union Supermarkets of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 410 (3d Cir. 2003).

Here, Plaintiff contends that Defendants' removal is jurisdictionally improper as a lack of complete diversity deprives the Court of subject matter jurisdiction. Defendants argue, however, that the fraudulent joinder exception applies as to non-diverse Defendant Cusanelli, and therefore there is complete diversity.[4]

### B. Fraudulent Joinder

Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." *In re: Briscoe*, 448 F.3d at 215-16. If a court finds that joinder of a

---

[4] The record does not reflect that Plaintiff added Defendant Cusanelli after Defendants removed the case to this Court. To the contrary, it appears that Mr. Cusanelli was included in the original complaint and therefore has been a party since the inception of this case. *See generally* Compl., D.E. 1, Exh. A.

non-diverse party is not fraudulent, it must remand the case to state court. *Id.* at 216. If, however, the defendant's joinder was fraudulent, the Court may disregard the defendant's citizenship, assume jurisdiction, dismiss the defendant, and then properly retain jurisdiction over the case. *Id.* (citing *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999)).

A fraudulent joinder occurs "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a join judgment." *Brown v. Jeric*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *In re: Briscoe*, 448 F.3d at 217). In *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992), the Third Circuit made clear that the removing party "carries a heavy burden of persuasion" in demonstrating fraudulent joinder because "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *See also Brown,* 575 F.3d at 326 (noting that the party seeking removal bears "a heavy burden of showing that at all stages of the litigation the case is properly before the federal court.") (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1044-45 (3d Cir. 1993)). Accordingly, a district court assessing an allegation of fraudulent joinder "must rule out any possibility that a state court would entertain the cause before holding that joinder of a non-diverse defendant was fraudulent." *In re: Briscoe,* 448 F.3d at 219.

Like a motion to dismiss, when considering a motion to remand, a "'district court must assume as true all factual allegation in the complaint.'" *Freichs v. Lifestar Response Corp.,* Civ. No. 09-4460, 2009 WL 3754190, at *2 (D.N.J. Nov. 5, 2009) (quoting *Brown* 575 F.3d at 327). However, unlike a motion to dismiss, the standard used to assess whether a claim is colorable is "significantly more forgiving . . ." *Id.* A district court must "'pierce the pleadings to determine whether a plaintiff has asserted a colorable claim against the non-diverse defendant.'" *Id.* at *2

(quoting *In re: Briscoe,* 448 F.3d at 218).  A claim is considered "colorable" when it is not "wholly insubstantial and frivolous."  *Batoff*, 977 F.2d at 852.  In other words, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  *In re: Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851).  Any questions of the current state of the law must be resolved in favor of the plaintiff.  *Id.* (quoting *Batoff*, 977 F.2d at 851).

The party attempting to remove the matter bears "a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."  *Brown*, 575 F.3d at 326 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1044-45 (3d Cir. 1993)).  When evaluating fraudulent joinder, the court must "focus on the plaintiff's complaint at the time the petition for removal was filed" and "assume as true all factual allegations of the complaint," as well as "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."  *Batoff*, 977 F.2d at 851-52.  A court must avoid "step[ping] from the threshold jurisdictional issue into a decision on the merits" when considering facts outside the pleadings.  *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).  Indeed, in *Batoff,* the Third Circuit concluded that the district court erred by assessing the merits of the plaintiff's claims in conducting the fraudulent joinder analysis, and noted that "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted."  *Batoff*, 977 F.2d at 852.  *See also In re. Briscoe*, 448 F.3d at 218 (quoting *Batoff*).

Defendants argue that Plaintiff fraudulently joined Defendant Cusanelli because her claim against him has "no reasonable basis in fact or colorable ground[.]"  Defs. Br. in Opp. to Mot. to

Remand, D.E. 6-3, at 8. They argue that Mr. Cusanelli's position as the General Manager of Defendant Costco's store is not an adequate basis for a claim against him, and its sole purpose is to defeat diversity jurisdiction. *Id.* at 10-11. Defendants contend that because Defendant Cusanelli was the General Manager of Defendants' store on the date of the incident, Costco likely would be liable under respondeat superior in any event. *Id.* Moreover, they argue, Plaintiff did not allege that he was acting outside the scope of his employment at the time of the incident. Therefore "[t]here is no dispute that [Defendant] Costco would be vicariously liable for any purported negligence on his part." *Id.* at 8-9.

Defendants further argue that there is nothing to suggest that Mr. Cusanelli had any involvement with the incident. *Id.* at 10. Defendants ask the Court to rely on Mr. Cusanelli's Certification, wherein he certifies he has no relevant knowledge of the incident, nor does he recollect interacting with Plaintiff. *See* Cusanelli Cert., Mar. 18, 2019, D.E. 6-1, at ¶¶ 3-4. Defendants observe that "absent from Plaintiff's brief is any authority for the assertion that a General Manager can be held liable for . . . simply being the General Manager on the date of the incident without anything further." Defs. Br. in Opp. to Mot. to Remand, D.E. 6-3, at 11.

Plaintiff argues that her claims against Mr. Cusanelli are colorable under state law because "[i]t is entirely possible that Defendant Cusanelli discharged his duties in a negligent manner, causing Plaintiff's injuries." Pl. Br. in Supp. of Mot. to Remand, D.E. 5-2, at 13.

Having considered the standard for fraudulent joinder, the Court concludes that Defendants did not meet their heavy burden in demonstrating that Plaintiff fraudulently joined Defendant Cusanelli. The Court reached a similar conclusion in a similar case in *Holguin v. Kohl's Dep't Store, Inc.*, Civil No. 15-7016, 2016 WL 922130, at *2 (D.N.J. Feb. 19, 2016), *Report and*

*Recommendation adopted*, Civ. No. 15-7016, 2016 WL 901087 (D.N.J. Mar. 8, 2016). There, Magistrate Judge Wettre explained:

> This Court repeatedly has held that claims for negligence against individual store managers like [Defendant] Morrell are colorable, even where the employer may be held vicariously liable, because both the employer and individual employee may be jointly and severally liable. *See Carvajal v. Target Stores, Inc.,* No. 15–CV–03797 SDW–MAH, 2016 WL 111423, at *3 (D.N.J. Jan. 11, 2016); *Brigand v. HMS Host Int'l,* No. 14–CV–4813 CCC–SCM, 2015 WL 1268300, at *4 (D.N.J. Mar. 16, 2015); *Cardillo v. Wal–Mart Stores, Inc.,* No. 14–CV–2879 MAS, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014); *see also Printing Mart–Morristown v. Sharp Elecs. Corp.,* 116 N.J. 739 (1989) ("[W]hen an employee performs an act that is otherwise a tort, the employee is not relieved of liability simply because he or she acted on behalf of the employer."). Plaintiff alleges in her Complaint that defendants controlled the Kohl's store at which she was injured, and that defendants negligently and carelessly maintained the premises so as to allow a dangerous and hazardous condition to occur. (Compl., ECF No. 1–1 ¶ 6). This amounts to a colorable negligence claim against a store and its manager.

*Id.* The Court in *Holguin* similarly rejected the defendants' argument that the store manager "was neither on duty at the time of the alleged incident nor responsible for the placement or removal of the store's interior signage, which [Defendant] Morrell attests to in an Affidavit." *Id.* In remanding the matter to state court, the *Holguin* court concluded that "even if the Court were to accept as true the statements in the Affidavit, this would not render Plaintiff's claim against [Defendant] Morrell 'wholly insubstantial and frivolous' so as to warrant a finding of fraudulent joinder." *Id.* (quoting *Batoff*, 977 F.2d at 852).

Here, Plaintiff's Complaint alleges that all Defendants negligently maintained the premises at Defendant Costco's store, which Defendant Costco owns, thereby creating a dangerous condition that caused her to fall and sustain injuries. Compl., D.E. 1, Exh. A, at ¶¶ 1-5. The Complaint includes Mr. Cusanelli as a defendant for the failure to maintain the premises. As stated

in *Holguin*, "[t]his amounts to a colorable negligence claim against a store and its manager." 2016 WL 922130, at *2; *see also Perry v. ADT, LLC*, Civ. No. 17-6676, 2018 WL 1221161, at *4 (D.N.J. Mar. 8, 2018) (stating that "this Court's task is to decide whether a cause of action exists, because to inquire any further into the legal merits would be inappropriate in a preliminary jurisdictional determination.") (internal quotation marks and citations omitted).

Based on the foregoing caselaw, Defendants' argument—that Plaintiff fraudulently joined Defendant Cusanelli because Defendant Costco may be held vicariously liable for Defendant Cusanelli's purported negligence—necessarily fails. *See Carvajal v. Target Stores, Inc.*, Civ. No. 15-3797, 2016 WL 114423, at * 3 (D.N.J. Jan. 11, 2016) ("[u]nder New Jersey law, even when an employer may be held vicariously liable for an employee's negligence, *both* the employer and employee may be held jointly and severally liable.") (citations omitted) (emphasis in original). So too does any argument that Plaintiff fraudulently joined Defendant Cusanelli because he may be dismissed from the matter through motion practice. *See Batoff*, 977 F.2d at 852 ("[I]t is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.").[5]

Defendant Cusanelli's Certification does not alter this conclusion. Defendant Cusanelli certifies that he has no knowledge of the incident nor did he interact with Plaintiff that day. *See* Cusanelli Cert., Mar. 18, 2019, D.E. 6-1, at ¶¶ 3-4. He further certifies that he was not the only manager working at Defendant's store on the date of the incident, and there were other managers

---

[5] To the extent that Defendants argue that in order for liability to be imputed to Defendant Cusanelli as store manager, the Complaint must allege that he was either acting outside the scope of his employment at the time of the incident or that he committed an intentional tort, that argument also fails. *See Printing Mart–Morristown,* 116 N.J. at 762 (1989) ("[W]hen an employee performs an act that is otherwise a tort, the employee is not relieved of liability simply because he or she acted on behalf of the employer.").

that could have called the ambulance for Plaintiff. *Id.* at ¶¶ 5-6. He represents having asked the other managers at Defendants' store, but they "have no recollection of calling an ambulance to remove someone from the warehouse due to this incident." *Id.* at ¶ 5. Even if these statements are true, Plaintiff's Complaint still alleges a colorable claim for negligence against Defendant Cusanelli. Defendant Cusanelli concedes that he was working at Defendant Costco's store on the date of the incident. *Id.* at ¶ 6. Defendants, who bear the burden of proving fraudulent joinder, submit nothing to suggest that he was not on shift at the time of the incident. Finally, as a fraudulent joinder evaluation is "merely a threshold jurisdictional determination, [it] requires a less searching inquiry into the validity of the Complaint than that which is triggered by a motion to dismiss under Rule 12(b)(6)." *Holguin*, 2016 WL 922130, at *3 (citation omitted). Therefore, even accepting as true the statements in Mr. Cusanelli's Declaration, those assertions do not establish that the claims against him are "wholly insubstantial and frivolous" as required to find fraudulent joinder. *Batoff*, 977 F.2d at 852. As such, Plaintiff has set forth a viable cause of action against him and the Court need not assess what may have occurred after Plaintiff's fall.

For the reasons set forth above, the Court concludes that Defendants have not met their burden of showing that Plaintiff fraudulently joined Defendant Cusanelli. Because Defendant Cusanelli is a citizen of the State of New Jersey and a non-diverse defendant, there is no subject matter jurisdiction under § 1332(a).[6]

---

[6] Defendants' argument that "Plaintiff's motion to remand is premature[,]" is not well taken. Defs. Br. in Opp. to Mot. to Remand, D.E. 6-3, at 10. Defendants filed a petition for removal on February 20, 2019, within the thirty-day period prescribed 28 U.S.C § 1446(b)(2). *See* Notice of Removal, D.E. 1-1. Plaintiff filed a motion to remand this matter on March 8, 2019, within the thirty-day period prescribed by 28 U.S.C § 1447(c). Accordingly, Plaintiff's motion was timely.

Therefore, this matter should be remanded to the Superior Court of New Jersey Law Division, Essex County.[7]

## IV.   ATTORNEYS' FEES

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of costs and fees is proper "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*  A Court "has broad discretion and may be flexible in determining whether to require the payment of fees under [28 U.S.C. §] 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). Although the United States Court of Appeals for the Third Circuit has found "no need to establish definitive criteria" for awarding fees and costs under this statute, a court can consider whether the notice of removal raised difficult issues or whether it was "frivolous" or "insubstantial." *Id.* at 1260–61. Bad faith need not be present to award fees. *Id.* at 1260. Ultimately, in deciding whether to award fees, the Court "must weigh the circumstances of the case before it." *Siebert v. Norwest Bank Mn.*, 166 F. App'x 603, 607 (3d Cir. 2006) (citing *Mints*, 99 F.3d at 1260.)

Plaintiff argues that attorneys' fees should be awarded because "Defendant's petition lacks an objectively reasonable basis for removal [as] it is based wholly upon statements contrary to the evidence, supposition, and speculation." Pl. Br. in Supp. of Mot. to Remand, D.E. 5-2, at 32. Specifically, Plaintiff argues that, as an "ambulance reported to the store to give Plaintiff emergent care for her injuries at the behest of 'manager on duty'[,] Defendant Cusanelli knew or should have known about the incident." *Id.*  Accordingly, Plaintiff asserts that Defendants should have known

---

[7] The Court notes that Plaintiff sets forth two arguments that Defendants' removal petition is procedurally defective.  However, the Court having found that Plaintiff's joinder of Defendant Cusanelli was not fraudulent, the Court need not reach these issues.

that Plaintiff's claims against Defendant Cusanelli were viable, and as he is a New Jersey citizen, there would be no basis for federal jurisdiction, so they should not have removed this matter. *Id.* Defendants argue that their basis for removal was reasonable as Defendant "Cusanelli does not face liability based on the facts as pleaded by Plaintiff." Defs. Br. in Opp. to Mot. to Remand, D.E. 6-3, at 16.

Although the Court has rejected Defendants' fraudulent joinder argument, the Court cannot conclude that Defendants' removal was objectively unreasonable. The award of such fees is a discretionary matter, and, because the Court cannot conclude that Defendants' removal petition was frivolous or insubstantial, attorneys' fees are inappropriate. Plaintiff's argument in support of such fees speaks toward the merits of this matter, which will be resolved in the New Jersey Superior Court. Accordingly, it is entirely unpersuasive.[8]

## V. CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the District Court grant Plaintiff's motion to remand, and remand this matter to the Superior Court of New Jersey Law Division, Essex County.

---

[8] The Court previously explained that Plaintiff's claim that Defendants removed this matter to attempt to get Plaintiff to limit her damages in exchange for Defendants withdrawing their removal petition was irrelevant to any fraudulent joinder analysis. Plaintiff now relies on that claim to support her request for attorneys' fees. In opposition, Defendants contend that "[i]n derogation of Rule 408, Plaintiff has utilized settlement discussions in support of her position . . ." Letter, March 25, 2019, D.E. 8, at 1. Defendants further contend that the settlement discussions "should not have any bearing on the Court's decision." *Id.* In any event, Plaintiff's claim does not change this Court's conclusion that Defendants' removal petition was objectively reasonable. Albeit unpersuasive, Defendants' removal petition set forth a valid argument, and, in reaching that conclusion, the Court need not look outside the record and examine potential settlement communication between the parties. Accordingly, Plaintiff's request for attorneys' fees is denied.

The parties are reminded that they have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 7.1(c)(2).

*s/Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**Date:  May 21, 2019**